IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANGI ENERGY SYSTEMS, LLC,

                Plaintiff,                      ORDER

  v.

                                             15-cv-530-wmc

JOSHUA GROETKEN,

                Defendant.

In this civil action, plaintiff ANGI Energy, LLC asserts various Wisconsin state law claims against defendant Joshua Groetken. (Compl. (dkt. #1).) After defendant failed answer the complaint, the clerk's office entered default pursuant to Federal Rule of Civil Procedure 55(a) (dkt. #8) and scheduled the case for a hearing on plaintiff's motion for default judgment on December 9, 2015. In advance of that hearing, the court will require plaintiff to submit a declaration and any necessary support establishing: (1) its citizenship (more specifically, the citizenship of its sole member, Gilbarco, Inc.); and (2) that the amount in controversy exceeds $75,000. Without that supplemental information, the court lacks subject matter jurisdiction to enter judgment under 28 U.S.C. § 1332(a).

As to the first subject, plaintiff has not adequately alleged its own citizenship, stating simply that it is "an Indiana limited liability company, whose sole member is Gilbarco, Inc., a Delaware corporation." (Compl. (dkt. #2) ¶ 2.) Since "[t]he citizenship of an LLC is the citizenship of each of its members," *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), plaintiff correctly identified its sole member, but then failed to plead its citizenship adequately. The court assumes that in alleging that

Gilbarco is a "Delaware corporation," plaintiff means that Gilbarco is incorporated in the state of Delaware, thus supplying *part* of the information necessary to determine the citizenship of a corporation. Of course, 28 U.S.C. § 1332(c)(1) also provides that a corporation is a citizen of "the State or foreign state where it has its principal place of business," and plaintiff failed to provide that information (unless its allegation that it is a "Delaware corporation" was also intended to mean that its principal place of business is located in Delaware). Given this uncertainty, the court will require plaintiff to submit a declaration containing sufficient allegations for the court to determine the citizenship of plaintiff ANGI Energy Systems, LLC.

The second subject -- concerning whether the amount in controversy requirement is met -- may pose a more significant problem, given that the complaint simply alleges that "the matter in controversy exceeds $75,000, exclusive of interest and costs." (Compl. (dkt. #1) ¶ 4.) Given that plaintiff is now seeking a default judgment, plaintiff should be prepared to demonstrate its damages, or at least provide *some* information from which the court could discern how much money Groetken converted or stole from plaintiff's customers. *See Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir.1969) ("A complaint must affirmatively aver such facts as will support the existence of federal jurisdiction."). Absent some detail on the amount of money at stake, or at least a plausible assigned value of the relief sought, there is no basis for the court to find that the amount in controversy requirement is met.

Accordingly, IT IS ORDERED that on or before December 4, 2015, plaintiff ANGI Energy Systems, LLC shall file a declaration and any supporting materials

2

satisfying the two areas identified above. If plaintiff fails to make the necessary showing, the court will dismiss this action for lack of subject matter jurisdiction.

Entered this 20th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge